UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Frozen Wheels, LLC and                                    Case No. 22-18638-LMI
B"H Frozen Wheels, LLC,

                                                          Chapter 7
            Debtor,                                       (Substantively Consolidated)

_____/

Maria M. Yip, Trustee,                                    Adv. Proc. No. 24-01453-LMI

            Plaintiff,

v.

Gonzalo N. Villoslada,

            Defendant.

_____/

**PLAINTIFF'S MOTION FOR FINAL
JUDGMENT AFTER DEFAULT AGAINST DEFENDANT
GONZALO N. VILLOSLADA AS TO COUNTS 1 AND 2 OF THE COMPLAINT**

Maria M. Yip, Trustee (the "**Plaintiff**"), pursuant to Federal Rule 55(b)(2), applicable

pursuant to Bankruptcy Rule 7055, and Local Rule 7055-1, moves for entry of final judgment after

default against Gonzalo N. Villoslada (the "**Defendant**") as to Counts 1 and 2 of the Complaint

(which are constructive fraudulent transfer claims), and states:

1.      The complaint in this adversary proceeding seeks the entry of a judgment against

the Defendant seeking the avoidance and recovery of fraudulent transfers. This motion seeks

judgment after default against the Defendant as to counts 1 and 2 of the Complaint, which are

constructive fraudulent transfer claims.

2.      On December 18, 2025, the Clerk of the Court entered a default (ECF No. 23) against the Defendant for its failure to plead or otherwise defend in this adversary proceeding as required by law.

3.      The Court may enter default judgment against the Defendant pursuant to Federal Rule 55(b)(2), applicable pursuant to Bankruptcy Rule 7055. The Defendant by defaulting has admitted the Plaintiff's well-pleaded allegations of fact in the Complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank,* 515 F.2d 1200, 1206 (5th Cir. 1975) (The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citations omitted)).

4.      The Plaintiff's well-pleaded allegations of fact entitle the Plaintiff to a judgment as a matter of law against the Defendant for the damages liquidated in the Complaint.

5.      The Plaintiff requests entry of a judgment, pursuant to Bankruptcy Rule 7055 and Federal Rule 55(b)(2), under Count 1 (which seeks to recover the transfers under 11 U.S.C. § 544 and Fla. Stat. § 726.105(1)(b) and § 726.108, and  to recover the transfers under 11 U.S.C. § 550(a)) and Count 2 (which seeks to recover the transfers under 11 U.S.C. § 544 and Fla. Stat. § 726.106(1) and § 726.108, and  to recover the transfers under 11 U.S.C. § 550(a)), with interest of $5,272.08 (using the federal rate under 28 U.S.C. § 1961)[1], calculated as follows:

---

[1] In *Wiand v. Lee*, the Eleventh Circuit Court of appeal explained:

The general rule is that prejudgment interest is an element of pecuniary damages, and Florida courts have awarded prejudgment interest on FUFTA claims and on unjust enrichment claims as a matter of course. *See Willis v. Red Reef, Inc.,* 921 So.2d 681, 684–85 (Fla. 4th DCA 2006) (remanding with instructions to trial court to calculate prejudgment interest due on damages awarded for FUFTA claim); *Montage Grp., Ltd. v. Athle–Tech Computer Sys., Inc.,* 889 So.2d 180, 199 (Fla. 2d DCA 2004) (reversing trial court for failure to award prejudgment interest on unjust enrichment award); *Mansolillo v. Parties by Lynn, Inc.,* 753 So.2d 637, 640 (Fla. 3d DCA 2000) (stating that, on a FUFTA claim, "Once the loss is fixed as of [a] specific date, prejudgment interest is to be added to that amount."); *Burr v. Norris,* 667 So.2d 424, 426 (Fla. 2d DCA 1996) (reversing and remanding with instructions to trial court to award prejudgment interest on unjust enrichment award). *See also Donell,* 533 F.3d at 772 ("Once the district court has identified the avoidable transfers [under California's UFTA], it has the discretion to permit the receiver to recover prejudgment interest on the fraudulent transfers from the date each transfer was made ... [P]rejudgment interest should not be thought of

|  | Interest Rate | Transfers Amount | Days Elapsed | Interest | Total | Cumulative | Per Diem Interest |
|---|---|---|---|---|---|---|---|
| 3/11/2020 | 0.62% | $21,500.00 | 2191 | $800.17 | $22,300.17 | $73,472.08 | $0.37 |
| 2/12/2020 | 1.49% | $15,000.00 | 2219 | $1,358.76 | $16,358.76 | $51,171.92 | $0.61 |
| 1/7/2020 | 1.57% | $9,200.00 | 2255 | $892.36 | $10,092.36 | $34,813.16 | $0.40 |
| 12/9/2019 | 1.57% | $15,000.00 | 2284 | $1,473.65 | $16,473.65 | $24,720.80 | $0.65 |
| 11/7/2019 | 1.57% | $7,500.00 | 2316 | $747.15 | $8,247.15 | $8,247.15 | $0.32 |
|  |  | $68,200.00 |  | $5,272.08 | $ 73,472.08 |  |  |

The interest rate used is the federal rate under 28 U.S.C. § 1961.

**WHEREFORE**, the Plaintiff seeks the entry of an order (in the form attached) granting this motion and of a final judgment after default (in the form attached) in favor of the Plaintiff and against the Defendant Gonzalo N. Villoslada under counts 1 and 2 of the Complaint, (a) finding that the $68,200.00 in transfers made to the Defendant are avoidable and recoverable (with interest) by the Plaintiff and against the Defendant, (b) avoiding the transfers and recovering their value (in the amount of the transfers plus interest), (c) for damages in the total amount of **$73,472.08** through March 11, 2026 (plus per diem interest through the date of entry of the judgment), bearing post-judgment interest at the federal rate from the date of the judgment, and (d) requiring the Defendant to complete under oath Florida Rule of Civil Procedure Form 1.977 (Fact Information Sheet) and to serve the completed form and all documents required to be attached to the form upon the

---

as a windfall in any event; it is simply an ingredient of full compensation that corrects judgments for the time value of money.") (internal quotation and citations omitted).
753 F.3d 1194, 1205 (11th Cir. 2014).
The equitable factors outlined in *Blasland, Bouck & Lee v. City of N. Miami*, 283 F.3d 1286, 1297–98 (11th Cir. 2002)—including whether the delay is the fault of the prevailing party or whether the party failed to mitigate damages—do not weigh against awarding prejudgment interest here. *See also Weinman v. Warren*, 2023 WL 6376623, at *8 (M.D. Fla. Sept. 29, 2023); *Lee v. Wiand*, 603 B.R. 161, 182 (M.D. Fla. 2018).

Plaintiff's counsel within 45 days from the date of the judgment, and for such other relief as is just and proper.

Dated: March 11, 2026                                    Respectfully submitted,

**OSORIO INTERNACIONAL, P.A.**
175 S.W. 7th Street, Suite 1800
Miami, FL 33130
Telephone: 305.900.4103
www.osorioint.com

/s/ *Carlos F. Osorio*
Carlos F. Osorio, Esq., B.C.S.
Florida Bar No.: 597546
E-mail: cosorio@osorioint.com
*Co-Counsel for Trustee, Maria M. Yip*

**CM/ECF Service List**

Michael S Hoffman on behalf of Plaintiff Maria Yip
mhoffman@lessnehoffman.law, mhoffman@ecf.courtdrive.com

Michael D Lessne on behalf of Plaintiff Maria Yip
mlessne@lessnehoffman.law, mlessne@ecf.courtdrive.com

Carlos F Osorio on behalf of Plaintiff Maria Yip
cosorio@osorioint.com, mcalderon@osorioint.com

Matthew I Rochman on behalf of Plaintiff Maria Yip
mrochman@lessnehoffman.law, cthornton@lessnehoffman.law

Gonzalo N. Villoslada
gonzavilloslada1980@gmail.com